# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MANUEL MALDONADO,

        Petitioner,

v.                                                             CIV 99-286 LH/KBM

DAVID ARCHULETA, Warden, and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents.

## PROPOSED FINDINGS RECOMMENDING
## CONDITIONAL GRANT OF WRIT
## FOR SOLE PURPOSE OF RESENTENCING PETITIONER
## TO A FOUR-YEAR HABITUAL OFFENDER ENHANCEMENT

This matter is before the Court on Respondent's Motion to Dismiss Petition Following Correction of State Court Judgment And Sentence *(Doc. 24)*. For the reasons that follow, I find that it was improper for the State trial court to use a prior void conviction to assess an eight-year habitual offender enhancement, but that Petitioner's habeas relief lies only in resentencing, not withdrawal of his plea.

### I. Background

Previously, I appointed the Federal Public Defender to represent Petitioner and ordered that the record be supplemented. *Doc. 18.* Following supplementation and review by counsel, the State conceded error – the prior conviction at issue was in fact void at the time of the enhancement, and Petitioner should have received only a four-year enhancement as a habitual

offender. *See Doc. 24,* ¶¶ 8-11. In light of this concession, counsel attempted to resolve the matter by stipulation but have reached an impasse.

Respondents propose that the state court enter an amended judgment and sentence without an additional hearing and in the absence of Petitioner's personal appearance. Thereafter, the parties would move to dismiss this federal habeas action. *See Doc. 24* at ¶ 13. Essentially, they are asking for relief that is advisory or premature – a pronouncement that this Court will dismiss the federal suit once the state court resentences Petitioner.[1]

Petitioner does not object *per se* to dismissal after resentencing to cure the void conviction issue. However, Petitioner argues that his ineffectiveness claim encompasses more than failure to "investigate his criminal history and prevent the illegal enhancement of his sentence." *See Doc. 25,* ¶ 4. Rather, Maldonado seeks to withdraw his plea based upon even more allegations of ineffective assistance of trial counsel. Thus, I will proceed to address the merits to ascertain the proper relief.

## II. ADEPA Standard

Petitioner was sentenced and filed this action after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ( AEDPA). Therefore, its standards apply to this case. *E. g., Paxton v. Ward,* 199 F. 3d 1197, 1204 (10th Cir. 1999). Under AEDPA, if a state court decides a claim on the merits, its decision is entitled to "deference" and a federal court cannot grant a writ of habeas corpus unless: (1) the state court decision is "contrary to, or involved an

---

[1] It is not entirely clear whether Respondents seek entry of the amended sentence "without the necessity for an additional hearing in state court and without the necessity for Petitioner Maldonado's personal appearance." *Doc. 24,* ¶ 13. If Respondents are that the logistics of a future resentencing be defined, I find no authority to do so.

unreasonable application of . . . Supreme Court" precedent; or (2) is "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. §§ 2254(d)(1)-(2); *see also Williams v. Taylor,* 529 U.S. 362 (2000); *Van Woudenberg v. Gibson,* 211 F.3d 560, 566 & n. 4 (10th Cir. 2000), *cert. denied,* 121 S. Ct. 1117 (2001).

On three occasions, the trial judge entertained Maldonado's allegations that trial counsel was ineffective. Each time the claim was rejected, albeit without analysis. *See Record Proper* (transcript of sentencing at 2, 3, 9); *id.* at 43 (11/19/98 order); *id.* at 78 (1/13/99 order). The New Mexico Supreme Court denied certiorari. *Answer,* Exh. E.

Where there is no reasoned application of the law to the facts, the federal habeas court must engage in an independent review of the record and pertinent federal law to ascertain whether the state's result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Aycox v. Lytle,* 196 F.3d 1174 (10th Cir. 1999). This independent review should be distinguished from a full de novo review of Petitioner's claims. *See id.* at 1177-78.

To establish ineffective assistance of counsel, Petitioner must prove counsel's deficient performance resulted in prejudice. Deficient performance means completely unreasonable and not merely wrong conduct, and Petitioner must overcome the presumption that counsel's conduct was constitutionally effective. *E.g., Moore v. Gibson,* 195 F.3d 1152, 1178 (10th Cir. 1999), *cert. denied,* 530 U.S. 1208 (2000). The test for the prejudice prong in the guilty plea context has recently been clarified by the Tenth Circuit. *See Miller v. Champion,* 262 F.3d 1066 (10th Cir. 2001). I need not reach the second prong here, however, because failure on either prong defeats the claim and, for the reasons that follow, I find counsel's conduct was not deficient. All of the

ineffectiveness issues can be resolved on the record, such that an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); Rule 8(a), *Rules Governing Habeas Corpus Under Section 2254.*

### III. Analysis

Petitioner's trial attorney wrote to him prior to the plea agreement. In response to Petitioner's assertion that officers coerced his statement, she advised Petitioner that she had listened to a tape of the interview and Petitioner had replied in the negative when officers had asked him if he was pressured, threatened or promised anything with regards to the statement. She advised Maldonado that it was her opinion the officers "covered themselves" and offered that there was "no way we can win" the coercion argument. Petitioner's attorney also sent him a copy of the tape, copies of the indictments and noted that her paralegal had already delivered the discovery to him. She also indicated that the State "wanted to be tough" on Petitioner and that the prosecution had a strong case against him. Indeed, witnesses to the armed robberies were willing to testify, including one person who was shot by Petitioner during the ordeal. *See Answer,* Exh. D (attachment G).

At the point counsel wrote this letter, Maldonado faced thirteen felony charges contained within three indictments and an additional unindicted felony charge. The letter also advised Petitioner of his "total exposure." She set forth her calculation for the basic sentence on each count or charge (with the exception of three conspiracy charges), added an eight-year enhancement for each, and added firearm enhancements where applicable. It is plain from the letter that Maldonado's counsel calculated the maximum penalties Petitioner faced by assuming conviction on each charge and imposition of consecutive sentences. *See id.*; *see also State v.*

4

*Allen,* 128 N.M. 482, 513 (1999), *cert. denied,* 530 U.S. 1218 (2000); *State v. Padilla,* 85 N.M. 140, 143 (1973) ("whether multiple sentences for multiple offenses run concurrently or consecutively is a matter resting in the sound discretion of the trial court").

Given what Petitioner potentially faced, trial counsel secured a quite favorable result for him. Under the plea agreement, a majority of the charges were dismissed. Although Petitioner faced thirty-two years incarceration for the remaining charges to which he pled, Petitioner agreed only to a minimum sentence of fourteen years. The trial judge indicated that if he chose to sentence Petitioner beyond fourteen years, he would permit Petitioner to withdraw his plea. Petitioner registered no complaints at the plea hearing, stated he understood the agreement and its ramifications, and pled no contest. *See Record Proper* at 21-24; *id.* (transcript of plea at 3-4).

The trial judge limited Petitioner's sentence to fourteen years. The sentence was calculated as follows: ten years on each of the two armed robbery counts (the basic sentence of nine years plus one year for a firearm enhancement) and twelve years on the aggravated battery count (the basic sentence of four years plus eight years for a habitual offender enhancement). The sentences imposed were to run consecutively for a total of thirty-two years; because eighteen years incarceration was suspended, the actual term of imprisonment was to be fourteen years. *Id.* at 28-30, 32.

In his state habeas proceedings and here, Petitioner complains that counsel made "gross misrepresentations to Petitioner as to the penalties and sentencing laws applicable in his case in persuading him to plead guilty." *Answer,* Exh. D at 5; *see also Record Proper* at 37, 45; *Doc. 25* at ¶3. For instance, Maldonado argues that his lawyer's calculation of "exposure" erroneously included habitual offender "enhancements on each and every count on the indictment." *See id.*

5

However, Petitioner was, and is, mistaken. New Mexico law permits separate enhancements on each separate count, even when the sentences for each count run consecutively. *See e.g., State v. McClendon,* ___ N.M. ___, 28 P.3d 1092, 1096 (2001) (discussion of *State v. Harris,* 101 N.M. 12, 19-20 (Ct. App. 1994) and other cases therein). Accordingly, I find trial counsel's performance was not deficient in evaluating Petitioner's potential maximum exposure. *E.g., Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Petitioner also complains that he did not receive certain discovery before pleading guilty. *See Record Proper* (transcript of sentencing at 708); *Record Proper* at 53; *Doc. 25,* ¶ 4. At the plea hearing, the prosecutor made a short statement of what the state would be able to have proven if the case had gone to trial: Petitioner, who was armed, and a female accomplice entered a nail salon and took purses from women there; upon leaving, a man grabbed the female accomplice whereupon Petitioner shot him in the leg. *Record Proper* (transcript of plea at 9).

At the sentencing hearing, Petitioner protested on the one hand that he had not been given the identity of the person who informed the police that he committed the robberies. Yet on the other hand, Maldonado claimed that his girlfriend was the informant and that she was motivated to give up someone to the police because she had recently been indicted. *Id.* (sentencing transcript at 7-8). Although Maldonado had received statements from two of the witnesses who "positively identified me," Petitioner contended those witnesses reported inconsistent estimations of his weight. Maldonado also complained he was not given the photo array from which he was identified nor a statement from the victim who, along with the victim's girlfriend, testified at the sentencing hearing as to how Petitioner shot him. *See id.* at 4, 7-9.

In her letter, Petitioner's attorney explained what she did in her investigation and gave

6

Petitioner her assessment the relative merits of the strength of the State's case versus his claims of innocence. She evaluated the State to have a strong case. This assessment was sound advice given the prosecutor's statement of the evidence at the plea hearing, which was corroborated by the victim statements at sentencing. Even assuming counsel did not have the discovery items Petitioner mentioned or investigate these avenues, at best the issues go to impeachment and could not have altered her opinion that conviction was likely. Accordingly, I find counsel's conduct was not deficient in these respects.

As for the claim of coercion, Maldonado indicated in his state pleadings that only counsel's "misrepresentations" about the "penalties and sentencing laws" persuaded him to plead guilty. To the extent Petitioner raises these specific claims, they are without merit for the reasons discussed above. To the extent Petitioner now asserts that trial counsel "put extraordinary psychological pressure on Mr. Maldonado and emotionally bludgeoned him to enter a plea," there is an exhaustion problem. In any event, an attorney's attempt "to persuade Petitioner that it was in his best interest to plea does not lead to the conclusion that his no contest plea was involuntary." *Miles v. Dorsey,* 61 F.3d 1459, 1470 (10th Cir. 1995), *cert. denied,* 516 U.S. 1062 (1996). This is true even if the attorney's attempts at persuasion are intense. *See United States v. Carr,* 80 F.3d 413, 417 (10th Cir. 1996) (defendant claimed he was "hounded, browbeaten and yelled at" by his attorney, who called defendant "stupid" and "a f**king idiot" when he initially refused plea). In *Carr*, the Tenth Circuit held that "[w]hile these pressures might have been palpable to Appellant, they do not vitiate the voluntariness of his plea; it was still his choice to make." *Id.*

Aside from these various allegations of "misrepresentation," failure to provide discovery,

and inaction with respect to the void conviction, there are no other specific failures in connection with how counsel failed to "advise him adequately concerning the ramifications of his plea and the possible consequences of a conviction." *Doc. 25,* ¶¶ 3, 4. Thus, having found no additional ineffectiveness claims remain, the only issue that remains is the appropriate remedy.

### IV. Remedy

Petitioner seeks withdraw of his plea. The only constitutional violation is the conceded problem with the sentence. Regardless of whether this constitutes a due process violation or ineffective assistance of counsel, the appropriate remedy is the same – resentencing. *See e.g., United States v. Charmichael,* 216 F.3d 224, 227 (2nd Cir. 2001) (ineffectiveness violation results in remedy tailored to neutralize the constitutional defect, for example, resentencing to terms defendant "would have received had he been given proper legal advice"); *Young v. Thomas,* 100 F.3d 966 (9th Cir. 1996) (undisputed state presentence report contained erroneous juvenile record which court relied on in sentencing; remedy was to grant petition so defendant could be resentenced "based on his true criminal record."); *see also e.g., Coss v. Lackawanna Cty. Dist. Attny,* 204 F.3d 453, 469-472 (3rd Cir. 2000) (Rendell, concurring in part and dissenting in part) (discussion or citation of numerous cases, and noting proposition that "resentencing is the default form of relief in habeas challenges to invalid sentence enhancements"), *rev'd on other grounds,* 532 U.S. 394 (2001).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the District Judge issue an order finding that the petition be denied in part and conditionally granted in part. Accordingly, Petitioner's objections to Respondent's motion to dismiss should be overruled and the motion to dismiss

granted in part (*Doc. 24*). Petitioner's motion for an evidentiary hearing and stay of briefing schedule should be denied (*Doc. 21*). Execution of the judgment should be stayed for ninety days so that the State may resentence Petitioner.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE